Tommy KEMP, Appellant,

v.

Ethel RANKIN, Appellee.

No. 8616.

Court of Civil Appeals of Texas, Amarillo.

Nov. 10, 1975.

Cowsert, Bybee, Line & Hoelscher (Ray Cowsert), Hereford, for appellant.

Shuval & Saul (Andrew J. Shuval), Hereford, for appellee.

REYNOLDS, Justice.

Posed by this appeal is the question whether the defendant employer is entitled to special issues submitting his pleaded contention that the salary payable under an oral contract of employment is different

from that alleged by the plaintiff employee. Because defendant's issues merely inferentially rebut the controlling issue upon which plaintiff had the burden of persuasion, the trial court correctly refused submission. Affirmed.

Ethel Rankin sued Tommy Kemp to recover the difference between the $1,200 monthly salary she alleged they had orally agreed upon and the salary Kemp paid her to operate his business. Kemp answered and pleaded the agreement was that Rankin's starting salary would be $1,100 a month and if the business increased, the salary would be increased to $1,200 monthly. He further pleaded that the business had not increased, but that it had in fact decreased. Introduced was evidence which, depending on the credibility and weight assigned, was sufficient to support either position.

The trial court, refusing the special issues Kemp tendered to establish his contentions, submitted one issue inquiring whether, and the jury found that, Kemp agreed to pay Rankin $1,200 a month for managing his business. From the judgment rendered on the verdict for Rankin, Kemp has appealed, complaining that the refusal of his tendered issues denied him the submission of his theory of defense inasmuch as the submitted issue embraced only Rankin's theory of recovery.

Kemp's pleading that the contractual salary was different from that alleged by Rankin does not raise a true affirmative defense, but it only constitutes a rebuttal of Rankin's ground of recovery upon which she had the burden of proof. *Rice v. Thompson,* 239 S.W.2d 137, 140 (Tex.Civ. App.—San Antonio 1951, writ ref'd n. r. e.). The pleading, by alleging facts inconsistent with, and thus rebutting, the existence of the factual element of Rankin's cause of action, merely raises inferential rebuttal issues whose purpose is to factually establish the non-existence of Rankin's cause of action. G. Hodges, *Special Issue Submission in Texas* 40 (1959).

Prior to September 1, 1973, a party was entitled to an issue submitting a fact inconsistent with, and thus rebutting, some essential factual element of his opponent's cause of action or defense; however, since then Rule 277, Texas Rules of Civil Procedure, mandates that inferential rebuttal issues shall not be submitted. Therefore, Kemp was not entitled to submission of his inferential rebuttal issues; but he was not thereby deprived of his defense because Rankin, to discharge her burden of persuasion on the controlling issue, was required to convince the jury by a preponderance of the evidence that her salary was $1,200 a month and not the salary contended for by Kemp. *Gulf Insurance Company v. Hodges,* 513 S.W.2d 267, 270–71 (Tex.Civ.App.— Amarillo 1974, no writ). By its verdict, the jury was convinced that Rankin had discharged her burden of persuasion, and the verdict is not challenged.

The judgment is affirmed.