ROBINSON V. MURTHY

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-296-CV

VICTOR ROBINSON APPELLANT

V.

CHATURVEDULA P. MURTHY, M.D. APPELLEE

A/K/A MURTHY, M.D., F.A.C.S.

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Victor Robinson appeals from the dismissal of his medical malpractice suit against Appellee Chaturvedula P. Murthy, M.D., a/k/a/ Murthy, M.D., F.A.C.S.  Robinson raises four issues, arguing that the trial court erred:  (1) by finding that he offered no evidence in support of his motion for relief under section 13.01(g) of Texas Revised Civil Statutes article 4590i; (2) by denying his request for a thirty-day extension to file a new report; (3) by dismissing his claim for failing to file an expert report complying with the requirements of section 13.01 of article 4590i;
(footnote: 2) and (4) by finding that his expert, Dr. Gerald R. Frankel, was not qualified to offer expert testimony against Dr. Murthy.  We will affirm.

II.  Factual and Procedural Background

Dr. Murthy performed hernia repair surgery on Robinson on February 5, 1999.  In 2001, Robinson sued Dr. Murthy for injuries that Robinson alleged were caused by Dr. Murthy’s negligence.  Robinson alleged that during the operation, Dr. Murthy improperly restricted the blood supply to Robinson’s right testicle, which resulted in a massive infection and the eventual loss of his right testicle.  In his third amended original petition, Robinson asserted that Dr. Murthy was negligent, among other reasons, for injuring the testicle during surgery, for failing to recognize or diagnose the injury after surgery, for failing to acknowledge that Robinson’s post-surgical symptoms and pain were signs of an injury, and for failing post-operatively to refer Robinson to a urologist and for a sonogram.

Robinson filed his original petition on February 5, 2001.  On May 2, 2001, Robinson timely filed the expert report and the curriculum vitae of Dr. Frankel.  In February 2002, Dr. Murthy filed objections to Dr. Frankel’s qualifications under section 14.01(e) of article 4590i, a motion to exclude Dr. Frankel’s testimony under Texas Rule of Evidence 702, a motion to dismiss for failure to comply with section 13.01 of article 4590i, and a motion for summary judgment.  Robinson responded to each, including filing a motion for a thirty-day extension with attached affidavits from Dr. Frankel to supplement his expert report, a copy of excerpts from Dr. Frankel’s deposition, and an affidavit from Robinson’s counsel to the effect that he was mistaken in believing that the expert report was sufficient to satisfy section 13.01.  Dr. Murthy also later requested that the trial court take judicial notice of Robinson’s counsel’s telephone book advertisement, which indicated that Robinson’s counsel handled, among other cases, those involving alleged medical malpractice.

The trial court conducted a hearing on all motions in April 2002. On May 28, 2002, the trial court signed orders denying Robinson’s request for an extension under section 13.01(g) and granting Dr. Murthy’s request for judicial notice, motion to exclude, motion for summary judgment, and motion to dismiss.  The trial court then signed a final judgment that Robinson take nothing from Dr. Murthy, which dismissed all claims with prejudice.

III.  Applicable Law

Article 4590i requires a claimant asserting a healthcare liability claim to provide an expert report, accompanied by the expert’s curriculum vitae, for each defendant physician or health care provider against whom a claim is asserted no later than the 180
th
 day after filing suit.  
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01(d)(1) (Vernon Supp. 2003).  An expert report is defined as 

a written report by an expert that provides a fair summary of the expert’s opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

Id.
 § 13.01(r)(6).
(footnote: 3)  If a claimant timely submits an expert report to a defendant, that defendant may file a motion challenging the sufficiency of the report. 
 Id.
 § 13.01(
l
).  

The trial court must grant the motion if the court determines, after a hearing, that the expert report does not represent a “good faith effort” to comply with the statutory definition of an expert report.  
Id.
; 
Am. Transitional Care Ctrs. v. Palacios
, 46 S.W.3d 873, 877-78 (Tex. 2001).  The supreme court has held that, while a report need not marshall a claimant’s proof, “to constitute a good-faith effort, . . . an expert report must discuss the standard of care, breach, and causation with sufficient specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit.”  
Palacios
, 46 S.W.3d at 875.  In determining whether the report represents a good faith effort to comply with these statutory requisites, we look to the four corners of the document.  
Id
. at 878.  A report that omits any of the statutory requirements does not constitute a good faith effort.  
Id
.  We review a trial court’s ruling on a motion challenging an expert report under an abuse of discretion standard.
(footnote: 4)  
Id
.

Section 13.01(g) provides a claimant with the opportunity to seek a thirty-day grace period to file a sufficient expert report.  
Tex. Rev. Civ. Stat
. 
Ann
. art. 4590i, § 13.01(g).  If after a hearing the trial court finds that the claimant’s failure to file a report or to file an adequate report under subsection (d) was “not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.”  
Id
.; 
see Walker v. Gutierrez
, 46 Tex. Sup. Ct. J. 812, 814, 2002 WL 32116846, at *3 (June 19, 2003) (recognizing that section 13.01(g) applies to inadequate but timely filed reports).  Further, “[a] motion by a claimant for relief under [13.01(g)] shall be considered timely if it is filed before any hearing on a motion by a defendant under [13.01(e)].”  
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01(g).

We construe the language found in section 13.01(g) in accordance with cases applying these terms in a similar manner in the context of “the standard for setting aside default judgments, 
see Craddock v. Sunshine Bus Lines, Inc
., 133 S.W.2d 124, 126 (Tex. 1939), or reinstating a case dismissed for want of prosecution, 
see
 
Tex. R. Civ. P. 
165a(3).”  
Walker
, 46 Tex. Sup. Ct. J. at 816, 2002 WL 32116846, at *5; 
see
 
Finley v. Steenkamp
, 19 S.W.3d 533, 538-39 (Tex. App.—Fort Worth 2000, no pet.).  We review a trial court’s ruling on a motion for relief under section 13.01(g) under an abuse of discretion standard.  
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01(g); 
Walker
, 46 Tex. Sup. Ct. J. at 815, 2002 WL 32116846, at *4.

IV.  Discussion

In Robinson’s timely filed expert report, Dr. Frankel stated, in pertinent part:

In summary, the patient had a fairly typical right inguinal hernia for which surgery was recommended and the patient was agreeable.  Neither the office notes preoperatively or the surgical consent mention any possibility of the complication of injury to the blood supply or nerve supply to the testicle, injury to the testicle or eventual loss of the testicle.  It is a well-known medical fact that during an inguinal hernia repair care must be taken to protect the nerve traveling along the cord, the blood supply to the testicle and the vas deferens carrying the sperm away from the testicle through the groin.

The patient had no problems with his right testicle prior to the hernia surgery.  Subsequent to this operation, the patient experienced painful swelling, drainage and decreased capacity to resume vigorous activity.  The most satisfactory explanation of the medical events is an unrecognized injury to the blood supply of the testicle resulting in swelling, pain and infection with the ultimate loss of the testicle due to a lack of sufficient blood.  This was not mentioned as a risk of surgery and is not expected to result from an inguinal hernia repair.  Compounding the injury which was unrecognized during the surgery was the lack of diagnosing the injury afterwards in spite of the patient’s numerous post-operative visits with pain and swelling that were incorrectly diagnosed.  If the injury had been promptly diagnosed, there was a possibility of salvaging the testicle.

In my professional opinion, injuring the testicle during surgery without recognizing the injury, missing the diagnosis afterwards after numerous office visits postoperatively with unexplained pain and swelling and not listing injury or loss of the testicle as a possible complication constitute negligent surgical care.

Not discussing the possible complication of testicular injury during surgery, not listing the injury on the consent, not realizing the injury during surgery nor diagnosing the complication afterwards constitutes the failure to meet the standard of care of a surgeon taking care of the patient with an inguinal hernia.  This patient suffered the loss of his right testicle due to an error in surgical technique, and the surgeon then failed to recognize the injury during or after the surgery.  These errors were the cause of the patient, Victor Robinson, losing his right testicle.

In response, Dr. Murthy filed a motion to dismiss, arguing that the expert report is inadequate because:  (1) it fails to state the applicable standard of care; (2) it contains conclusory statements concerning the alleged breach and causation; and (3) the report and accompanying curriculum vitae do not show that Dr. Frankel, who is a urologist, is qualified to offer an expert opinion on the standard of care of a general surgeon.  
See
 
Tex. Rev. Civ. Stat
. 
Ann
. art. 4590i, § 13.01(e), (r)(5), (6).

In Robinson’s verified motion for relief under section 13.01(g), his attorney stated, “At the time this report was filed[,] Plaintiff’s attorney believed that the report contained all that was required by Article 4590i.  As it turns out, Plaintiff’s attorney was mistaken about the statutory requirements of section 13.01(r)(6).”  Robinson’s counsel claimed that his failure to provide Dr. Murthy with an adequate export report in accordance with article 4590i “was not intentional or the result of conscious indifference but was the result of an accident or mistake.”  In an attached affidavit, Robinson’s counsel stated that this was his first medical malpractice case, that he felt he had complied with article 4590i, and that “any failure of the report to comply was due to my inadequate knowledge of the facts.”
(footnote: 5)  Robinson’s 13.01(g) motion also included three attached affidavits and an amended report from Dr. Frankel, which were intended to supplement his original expert report.

In his first issue, Robinson complains that the trial court erred in finding that he offered no evidence in support of his motion for relief under section 13.01(g) of article 4590i.  In his second issue, Robinson argues that the trial court erred in failing to grant him a thirty-day grace period under section 13.01(g) to cure his inadequate expert report.  We need not address Robinson’s first issue because, even assuming Robinson presented competent evidence, we agree with Dr. Murthy that the trial court did not abuse its discretion in ruling that Robinson was not entitled to relief under section 13.01(g).

In 
Walker
, the supreme court recognized that “some mistakes of law may negate a finding of intentional conduct or conscious indifference, entitling the claimant to a grace period under section 13.01(g).”  46 Tex. Sup. Ct. J. at  816, 2002 WL 32116846, at *6.  The court then analyzed whether the claimant’s counsel’s testimony that he mistakenly believed that his expert reports, which failed to address two of the three statutory elements, established a “sufficient excuse” entitling the claimant to the thirty-day grace period.  
Id
. at 817, 2002 WL 32116846, at *7 (citation omitted).  The court held that “when a claimant files a report that omits one or more of section 13.01(r)(6)’s required elements, a purportedly mistaken belief that the report complied with the statute does not negate a finding of ‘intentional or conscious indifference.’”  
Id
.  Thus, the court concluded that “such a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace period.”  
Id
.

In 
Palacios
, the court stated that “[i]dentifying the standard of care is critical.”  46 S.W.3d at 880.  “It is not sufficient for an expert to simply state that he or she knows the standard of care and conclude[] it was [or was not] met.”  
Id
. (citing 
Chopra v. Hawryluk
, 892 S.W.2d 229, 233 (Tex. App.—El Paso 1995, writ denied)).  Additionally, the court in 
Palacios
 wrote that the statement “that precautions to prevent Palacios’ fall were not properly used” did not enunciate the standard of care.  
Id
.  

In this case, Dr. Frankel twice stated that Dr. Murthy’s actions fell below the standard of care; however, the expert report never identified what that applicable standard of care is.  
See id
.  Robinson’s counsel’s claim that he mistakenly believed that Dr. Frankel’s report had complied with the statute did not entitle him to relief under section 13.01(g).
(footnote: 6)  
See Walker
, 46 Tex. Sup. Ct. J. at 817, 2002 WL 32116846, at *7.  Accordingly, we conclude that the trial court did not abuse its discretion in denying Robinson’s motion for relief under section 13.01(g).  We overrule Robinson’s second issue.

In his third issue, Robinson complains that the trial court erred in finding that Dr. Frankel’s January 17, 2001 report does not state the applicable standard of care and contains only conclusory statements as to causation.  For the reasons stated above, we disagree and hold that the trial court did not abuse its discretion in granting Dr. Murthy’s motion to dismiss under section 13.01 because Robinson’s expert report does not satisfy the requirements of section 13.01(r)(6); therefore, it is inadequate under section 13.01(
l
).
(footnote: 7)  Accordingly, we overrule Robinson’s third issue.
(footnote: 8)
V.  Conclusion

Having overruled Robinson’s second and third issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

WALKER, J. filed a concurring opinion.

DELIVERED: August 29, 2003

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-296-CV

VICTOR ROBINSON APPELLANT

V.

CHATURVEDULA P. MURTHY, M.D. APPELLEE

A/K/A MURTHY, M.D., F.A.C.S.

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

CONCURRING OPINION

------------

I concur in the result reached by the majority.  According to the Texas Supreme Court, 
proof of a mistaken belief that an expert report complies with article 4590i’s expert report requirements, even if uncontroverted, is not sufficient to trigger section 13.01(g)’s grace period:

[W]e hold that, when a claimant files a report that omits one or more of section 13.01(r)(6)’s required elements, a purportedly mistaken belief that the report complied with the statute does not negate a finding of “intentional or conscious indifference.” Accordingly, such a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace period.

Walker v. Guiterrez
, 46 Tex. Sup. Ct. J. 812, 817, 2002 WL 32116846, at *7 (June 19, 2003) (citation omitted); 
see also
 
Tex. Rev. Civ. Stat. Ann. 
art. 4590i, § 13.01(g) (Vernon Supp. 2003).  Here, to support his request for a section 13.01(g) grace period, the only proof claimant offered of lack of intentional or conscious indifference was his counsel’s affidavit, swearing that by accident or mistake the expert report omitted the statutorily required standard of care element.  
See
 
Tex. Rev. Civ. Stat. Ann. 
art. 4590i, § 13.01(g).  In light of the supreme court’s holding that this mistake or accident does not entitle claimant to a section 13.01(g) grace period, we must affirm the trial court’s judgment dismissing claimant’s cause.  
See Walker
, 46 Tex. Sup. Ct. J. at 817, 2002 WL 32116846, at *7.  Accordingly, I concur.

SUE WALKER

JUSTICE

DELIVERED: August 29, 2003
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Article 4590i has recently been repealed, amended, and codified in the Texas Civil Practice and Remedies Code; however, these changes do not impact this appeal.  
See
 Act of June 2, 2003, 78
th
 Leg., R.S., H.B. 4, §§ 10.01, 10.10 (to be codified at 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 74.351) (concerning the expert report procedural provisions and the effective date of the statute).

3:
Under article 4590i, “expert” means:

(A) with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 14.01(a) of this Act; or

(B) with respect to a person giving opinion testimony about a nonphysician health care provider, an expert who has knowledge of accepted standards of care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim.

Id
. § 13.01(r)(5).

4:
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
See Carpenter v. Cimarron Hydrocarbons Corp.,
 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Downer
, 701 S.W.2d at 241-42.

5:
During the hearing on Robinson’s motion for relief, Robinson’s counsel stated, “I think the one element that [the report] was missing, now that I have looked back on the law and found what is actually required, is it didn’t actually -- first layout what the standard of care was and then go into listing how that standard of care was not met.  It kind of skipped one of the steps . . . .”

6:
Robinson’s counsel pointed out in his motion for relief that this was his first medical malpractice case.  Robinson’s counsel’s experience is not material to our disposition “because even a pro se litigant would be charged with knowledge of the statute and compliance with its requirements.”  
Walker
, 46 Tex. Sup. Ct. J. at 817, 2002 WL 32116846, at *7 n.2.

7:
Because we have addressed the inadequacy of Dr. Frankel’s report with respect to its omission of the applicable standard of care, we need not address Robinson’s contentions regarding the trial court’s finding that Dr. Frankel’s report contains only conclusory statements as to causation.  
See
 
Tex. R. App. P.
 47.1; 
see, e.g
., 
Bowie Mem’l Hosp. v. Wright
, 79 S.W.3d 48, 53-54 (Tex. 2002) (holding expert report did not constitute good faith effort because it contained only a conclusory statement as to causation that the claimant might have had “the possibility of a better outcome” without explaining how the medical provider’s conduct caused injury to the claimant).

8:
In light of our decision on issues two and three, we need not address Appellant’s fourth issue.  
See
 
Tex. R. App. P.
 47.1; 
Paul Mueller Co. v. Alcon Labs., Inc
., 993 S.W.2d 851, 857 (Tex. App.—Fort Worth 1999, no pet.) (“When the trial court judgment can be sustained on any theory of law applicable to the case, it is the duty of the appellate court to sustain the judgment.”).

COMMENTS AND ANNOTATIONS
Comment 1:
MAJORITY BY JUSTICE GARDNER; CONCUR BY JUSTICE WALKER