COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-296-CV
 
VICTOR ROBINSON           
           
           
           
           
           
 APPELLANT
V.
CHATURVEDULA P. MURTHY, M.D.        
           
           
           
       APPELLEE
A/K/A MURTHY, M.D., F.A.C.S.
------------
FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
Appellant Victor Robinson appeals
from the dismissal of his medical malpractice suit against Appellee Chaturvedula
P. Murthy, M.D., a/k/a/ Murthy, M.D., F.A.C.S. Robinson raises four issues,
arguing that the trial court erred: (1) by finding that he offered no evidence
in support of his motion for relief under section 13.01(g) of Texas Revised
Civil Statutes article 4590i; (2) by denying his request for a thirty-day
extension to file a new report; (3) by dismissing his claim for failing to file
an expert report complying with the requirements of section 13.01 of article
4590i;(2) and (4) by finding that his expert, Dr.
Gerald R. Frankel, was not qualified to offer expert testimony against Dr.
Murthy. We will affirm.
II. Factual and
Procedural Background
Dr. Murthy performed hernia repair
surgery on Robinson on February 5, 1999. In 2001, Robinson sued Dr. Murthy for
injuries that Robinson alleged were caused by Dr. Murthy's negligence. Robinson
alleged that during the operation, Dr. Murthy improperly restricted the blood
supply to Robinson's right testicle, which resulted in a massive infection and
the eventual loss of his right testicle. In his third amended original petition,
Robinson asserted that Dr. Murthy was negligent, among other reasons, for
injuring the testicle during surgery, for failing to recognize or diagnose the
injury after surgery, for failing to acknowledge that Robinson's post-surgical
symptoms and pain were signs of an injury, and for failing post-operatively to
refer Robinson to a urologist and for a sonogram.
Robinson filed his original
petition on February 5, 2001. On May 2, 2001, Robinson timely filed the expert
report and the curriculum vitae of Dr. Frankel. In February 2002, Dr. Murthy
filed objections to Dr. Frankel's qualifications under section 14.01(e) of
article 4590i, a motion to exclude Dr. Frankel's testimony under Texas Rule of
Evidence 702, a motion to dismiss for failure to comply with section 13.01 of
article 4590i, and a motion for summary judgment. Robinson responded to each,
including filing a motion for a thirty-day extension with attached affidavits
from Dr. Frankel to supplement his expert report, a copy of excerpts from Dr.
Frankel's deposition, and an affidavit from Robinson's counsel to the effect
that he was mistaken in believing that the expert report was sufficient to
satisfy section 13.01. Dr. Murthy also later requested that the trial court take
judicial notice of Robinson's counsel's telephone book advertisement, which
indicated that Robinson's counsel handled, among other cases, those involving
alleged medical malpractice.
The trial court conducted a hearing
on all motions in April 2002. On May 28, 2002, the trial court signed orders
denying Robinson's request for an extension under section 13.01(g) and granting
Dr. Murthy's request for judicial notice, motion to exclude, motion for summary
judgment, and motion to dismiss. The trial court then signed a final judgment
that Robinson take nothing from Dr. Murthy, which dismissed all claims with
prejudice.
III. Applicable Law
Article 4590i requires a claimant
asserting a healthcare liability claim to provide an expert report, accompanied
by the expert's curriculum vitae, for each defendant physician or health care
provider against whom a claim is asserted no later than the 180th day
after filing suit. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)(1) (Vernon
Supp. 2003). An expert report is defined as

 a written report by an expert
 that provides a fair summary of the expert's opinions as of the date of the
 report regarding applicable standards of care, the manner in which the care
 rendered by the physician or health care provider failed to meet the
 standards, and the causal relationship between that failure and the injury,
 harm, or damages claimed.

Id. § 13.01(r)(6).(3)
If a claimant timely submits an expert report to a defendant, that defendant may
file a motion challenging the sufficiency of the report. Id. § 13.01(l).
The trial court must grant the
motion if the court determines, after a hearing, that the expert report does not
represent a "good faith effort" to comply with the statutory
definition of an expert report. Id.; Am. Transitional Care Ctrs. v.
Palacios, 46 S.W.3d 873, 877-78 (Tex. 2001). The supreme court has held
that, while a report need not marshall a claimant's proof, "to constitute a
good-faith effort, . . . an expert report must discuss the standard of care,
breach, and causation with sufficient specificity to inform the defendant of the
conduct the plaintiff has called into question and to provide a basis for the
trial court to conclude that the claims have merit." Palacios, 46
S.W.3d at 875. In determining whether the report represents a good faith effort
to comply with these statutory requisites, we look to the four corners of the
document. Id. at 878. A report that omits any of the statutory
requirements does not constitute a good faith effort. Id. We review a
trial court's ruling on a motion challenging an expert report under an abuse of
discretion standard.(4) Id.
Section 13.01(g) provides a
claimant with the opportunity to seek a thirty-day grace period to file a
sufficient expert report. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g). If
after a hearing the trial court finds that the claimant's failure to file a
report or to file an adequate report under subsection (d) was "not
intentional or the result of conscious indifference but was the result of an
accident or mistake, the court shall grant a grace period of 30 days to permit
the claimant to comply with that subsection." Id.; see Walker
v. Gutierrez, 46 Tex. Sup. Ct. J. 812, 814, 2002 WL 32116846, at *3 (June
19, 2003) (recognizing that section 13.01(g) applies to inadequate but timely
filed reports). Further, "[a] motion by a claimant for relief under
[13.01(g)] shall be considered timely if it is filed before any hearing on a
motion by a defendant under [13.01(e)]." Tex. Rev. Civ. Stat. Ann. art.
4590i, § 13.01(g).
We construe the language found in
section 13.01(g) in accordance with cases applying these terms in a similar
manner in the context of "the standard for setting aside default judgments,
see Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex.
1939), or reinstating a case dismissed for want of prosecution, see
Tex. R. Civ. P. 165a(3)." Walker, 46 Tex. Sup. Ct. J. at 816, 2002
WL 32116846, at *5; see Finley v. Steenkamp, 19 S.W.3d 533,
538-39 (Tex. App.--Fort Worth 2000, no pet.). We review a trial court's ruling
on a motion for relief under section 13.01(g) under an abuse of discretion
standard. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g); Walker, 46
Tex. Sup. Ct. J. at 815, 2002 WL 32116846, at *4.
IV. Discussion
In Robinson's timely filed expert
report, Dr. Frankel stated, in pertinent part:

        
 In summary, the patient had a fairly typical right inguinal hernia for which
 surgery was recommended and the patient was agreeable. Neither the office
 notes preoperatively or the surgical consent mention any possibility of the
 complication of injury to the blood supply or nerve supply to the testicle,
 injury to the testicle or eventual loss of the testicle. It is a well-known
 medical fact that during an inguinal hernia repair care must be taken to
 protect the nerve traveling along the cord, the blood supply to the testicle
 and the vas deferens carrying the sperm away from the testicle through the
 groin.
        
 The patient had no problems with his right testicle prior to the hernia
 surgery. Subsequent to this operation, the patient experienced painful
 swelling, drainage and decreased capacity to resume vigorous activity. The
 most satisfactory explanation of the medical events is an unrecognized injury
 to the blood supply of the testicle resulting in swelling, pain and infection
 with the ultimate loss of the testicle due to a lack of sufficient blood. This
 was not mentioned as a risk of surgery and is not expected to result from an
 inguinal hernia repair. Compounding the injury which was unrecognized during
 the surgery was the lack of diagnosing the injury afterwards in spite of the
 patient's numerous post-operative visits with pain and swelling that were
 incorrectly diagnosed. If the injury had been promptly diagnosed, there was a
 possibility of salvaging the testicle.
 In my professional opinion,
 injuring the testicle during surgery without recognizing the injury, missing
 the diagnosis afterwards after numerous office visits postoperatively with
 unexplained pain and swelling and not listing injury or loss of the testicle
 as a possible complication constitute negligent surgical care.
        
 Not discussing the possible complication of testicular injury during surgery,
 not listing the injury on the consent, not realizing the injury during surgery
 nor diagnosing the complication afterwards constitutes the failure to meet the
 standard of care of a surgeon taking care of the patient with an inguinal
 hernia. This patient suffered the loss of his right testicle due to an error
 in surgical technique, and the surgeon then failed to recognize the injury
 during or after the surgery. These errors were the cause of the patient,
 Victor Robinson, losing his right testicle.

In response, Dr. Murthy filed a
motion to dismiss, arguing that the expert report is inadequate because: (1) it
fails to state the applicable standard of care; (2) it contains conclusory
statements concerning the alleged breach and causation; and (3) the report and
accompanying curriculum vitae do not show that Dr. Frankel, who is a urologist,
is qualified to offer an expert opinion on the standard of care of a general
surgeon. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e), (r)(5),
(6).
In Robinson's verified motion for
relief under section 13.01(g), his attorney stated, "At the time this
report was filed[,] Plaintiff's attorney believed that the report contained all
that was required by Article 4590i. As it turns out, Plaintiff's attorney was
mistaken about the statutory requirements of section 13.01(r)(6)."
Robinson's counsel claimed that his failure to provide Dr. Murthy with an
adequate export report in accordance with article 4590i "was not
intentional or the result of conscious indifference but was the result of an
accident or mistake." In an attached affidavit, Robinson's counsel stated
that this was his first medical malpractice case, that he felt he had complied
with article 4590i, and that "any failure of the report to comply was due
to my inadequate knowledge of the facts."(5)
Robinson's 13.01(g) motion also included three attached affidavits and an
amended report from Dr. Frankel, which were intended to supplement his original
expert report.
In his first issue, Robinson
complains that the trial court erred in finding that he offered no evidence in
support of his motion for relief under section 13.01(g) of article 4590i. In his
second issue, Robinson argues that the trial court erred in failing to grant him
a thirty-day grace period under section 13.01(g) to cure his inadequate expert
report. We need not address Robinson's first issue because, even assuming
Robinson presented competent evidence, we agree with Dr. Murthy that the trial
court did not abuse its discretion in ruling that Robinson was not entitled to
relief under section 13.01(g).
In Walker, the supreme
court recognized that "some mistakes of law may negate a finding of
intentional conduct or conscious indifference, entitling the claimant to a grace
period under section 13.01(g)." 46 Tex. Sup. Ct. J. at 816, 2002 WL
32116846, at *6. The court then analyzed whether the claimant's counsel's
testimony that he mistakenly believed that his expert reports, which failed to
address two of the three statutory elements, established a "sufficient
excuse" entitling the claimant to the thirty-day grace period. Id.
at 817, 2002 WL 32116846, at *7 (citation omitted). The court held that
"when a claimant files a report that omits one or more of section
13.01(r)(6)'s required elements, a purportedly mistaken belief that the report
complied with the statute does not negate a finding of 'intentional or conscious
indifference.'" Id. Thus, the court concluded that "such a
mistake is not a mistake of law that entitles a claimant to a section 13.01(g)
grace period." Id.
In Palacios, the court
stated that "[i]dentifying the standard of care is critical." 46
S.W.3d at 880. "It is not sufficient for an expert to simply state that he
or she knows the standard of care and conclude[] it was [or was not] met." Id.
(citing Chopra v. Hawryluk, 892 S.W.2d 229, 233 (Tex. App.--El Paso
1995, writ denied)). Additionally, the court in Palacios wrote that the
statement "that precautions to prevent Palacios' fall were not properly
used" did not enunciate the standard of care. Id.
In this case, Dr. Frankel twice
stated that Dr. Murthy's actions fell below the standard of care; however, the
expert report never identified what that applicable standard of care is. See
id. Robinson's counsel's claim that he mistakenly believed that Dr.
Frankel's report had complied with the statute did not entitle him to relief
under section 13.01(g).(6) See Walker,
46 Tex. Sup. Ct. J. at 817, 2002 WL 32116846, at *7. Accordingly, we conclude
that the trial court did not abuse its discretion in denying Robinson's motion
for relief under section 13.01(g). We overrule Robinson's second issue.
In his third issue, Robinson
complains that the trial court erred in finding that Dr. Frankel's January 17,
2001 report does not state the applicable standard of care and contains only
conclusory statements as to causation. For the reasons stated above, we disagree
and hold that the trial court did not abuse its discretion in granting Dr.
Murthy's motion to dismiss under section 13.01 because Robinson's expert report
does not satisfy the requirements of section 13.01(r)(6); therefore, it is
inadequate under section 13.01(l). (7)
Accordingly, we overrule Robinson's third issue.(8)
V. Conclusion
Having overruled Robinson's second
and third issues, we affirm the trial court's judgment.
 
           
           
           
           
           
           
 ANNE GARDNER
           
           
           
           
           
           
 JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
WALKER, J. filed a concurring
opinion.
DELIVERED: August 29, 2003

COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-296-CV
 
VICTOR ROBINSON APPELLANT
V.
CHATURVEDULA P. MURTHY, M.D.        
           
           
           
           
    APPELLEE
A/K/A MURTHY, M.D., F.A.C.S.
------------
FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
------------
CONCURRING OPINION
------------
I concur in the result reached by
the majority. According to the Texas Supreme Court, proof of a mistaken belief
that an expert report complies with article 4590i's expert report requirements,
even if uncontroverted, is not sufficient to trigger section 13.01(g)'s grace
period:

        
 [W]e hold that, when a claimant files a report that omits one or more of
 section 13.01(r)(6)'s required elements, a purportedly mistaken belief that
 the report complied with the statute does not negate a finding of
 "intentional or conscious indifference." Accordingly, such a mistake
 is not a mistake of law that entitles a claimant to a section 13.01(g) grace
 period.

Walker v. Guiterrez, 46
Tex. Sup. Ct. J. 812, 817, 2002 WL 32116846, at *7 (June 19, 2003) (citation
omitted); see also Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g)
(Vernon Supp. 2003). Here, to support his request for a section 13.01(g) grace
period, the only proof claimant offered of lack of intentional or conscious
indifference was his counsel's affidavit, swearing that by accident or mistake
the expert report omitted the statutorily required standard of care element. See
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g). In light of the supreme
court's holding that this mistake or accident does not entitle claimant to a
section 13.01(g) grace period, we must affirm the trial court's judgment
dismissing claimant's cause. See Walker, 46 Tex. Sup. Ct. J. at 817,
2002 WL 32116846, at *7. Accordingly, I concur.
 
           
           
           
           
           
           
 SUE WALKER
           
           
           
           
           
           
 JUSTICE
 
DELIVERED: August 29, 2003

Majority Opinion Foot Notes:
1. See Tex. R. App. P. 47.4.
2. Article 4590i has recently been repealed, amended, and
codified in the Texas Civil Practice and Remedies Code; however, these changes
do not impact this appeal. See Act of June 2, 2003, 78th
Leg., R.S., H.B. 4, §§ 10.01, 10.10 (to be codified at Tex. Civ. Prac. &
Rem. Code Ann. § 74.351) (concerning the expert report procedural provisions
and the effective date of the statute).
3. Under article 4590i, "expert" means:

        
 (A) with respect to a person giving opinion testimony regarding whether a
 physician departed from accepted standards of medical care, an expert
 qualified to testify under the requirements of Section 14.01(a) of this Act;
 or
        
 (B) with respect to a person giving opinion testimony about a nonphysician
 health care provider, an expert who has knowledge of accepted standards of
 care for the diagnosis, care, or treatment of the illness, injury, or
 condition involved in the claim.

Id. § 13.01(r)(5).
4. To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, whether the act was arbitrary
or unreasonable. See Carpenter v. Cimarron Hydrocarbons Corp., 98
S.W.3d 682, 687 (Tex. 2002); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).
Merely because a trial court may decide a matter within its discretion in a
different manner than an appellate court would in a similar circumstance does
not demonstrate that an abuse of discretion has occurred. Downer, 701
S.W.2d at 241-42.
5. During the hearing on Robinson's motion for relief,
Robinson's counsel stated, "I think the one element that [the report] was
missing, now that I have looked back on the law and found what is actually
required, is it didn't actually -- first layout what the standard of care was
and then go into listing how that standard of care was not met. It kind of
skipped one of the steps . . . ."
6. Robinson's counsel pointed out in his motion for relief
that this was his first medical malpractice case. Robinson's counsel's
experience is not material to our disposition "because even a pro se
litigant would be charged with knowledge of the statute and compliance with its
requirements." Walker, 46 Tex. Sup. Ct. J. at 817, 2002 WL
32116846, at *7 n.2.
7. Because we have addressed the inadequacy of Dr.
Frankel's report with respect to its omission of the applicable standard of
care, we need not address Robinson's contentions regarding the trial court's
finding that Dr. Frankel's report contains only conclusory statements as to
causation. See Tex. R. App. P. 47.1; see, e.g., Bowie
Mem'l Hosp. v. Wright, 79 S.W.3d 48, 53-54 (Tex. 2002) (holding expert
report did not constitute good faith effort because it contained only a
conclusory statement as to causation that the claimant might have had "the
possibility of a better outcome" without explaining how the medical
provider's conduct caused injury to the claimant).
8. In light of our decision on issues two and three, we
need not address Appellant's fourth issue. See Tex. R. App. P. 47.1; Paul
Mueller Co. v. Alcon Labs., Inc., 993 S.W.2d 851, 857 (Tex. App.--Fort
Worth 1999, no pet.) ("When the trial court judgment can be sustained on
any theory of law applicable to the case, it is the duty of the appellate court
to sustain the judgment.").