# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20520
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2015

Lyle W. Cayce
Clerk

DURWYN WILLIAMS,

Plaintiff-Appellant

v.

BANK OF AMERICA, N.A.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-648

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Durwyn Williams appeals the district court's order dismissing his breach of contract claim against Bank of America, N.A., ("Bank of America"). We AFFIRM.

## I.

Williams contacted Bank of America regarding difficulties he was having making payments towards the mortgage on his home. At some point during the course of discussions, Bank of America sent Williams a letter, which stated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20520

that it constituted an "offer to modify" the mortgage on his home.  The letter allowed for Williams's acceptance of the offer as follows:

> Indicate your acceptance of this offer for a Modified Mortgage under the terms and conditions outlined on pages 2 and 3 by signing the attached acceptance, which must be signed by each borrower and returned within seven days from the date of this letter.  If we do not receive this signed acceptance letter, this offer will expire automatically without further notice.

Williams's complaint states that Bank of America sent this letter on May 29, 2009, and that Williams accepted the offer by his signature on June 10, 2009—twelve days later.

Thereafter, Williams made an initial payment and monthly payments in accordance with the terms and conditions of the mortgage modification letter. The monthly payments were lower than the payments originally required by Williams's mortgage.  In October 2009, Bank of America sent Williams a "Notice of Default, Demand for Payment and Intention to Accelerate."  Bank of America then refused to accept some of Williams's payments because "the amount remitted d[id] not represent the total due."

To prevent foreclosure on his home, Williams filed suit against Bank of America, alleging a state law breach of contract claim based on the mortgage modification letter.  The district court granted Bank of America's Rule 12(b)(6) motion to dismiss, holding that a valid contract did not exist because, among other reasons, Williams did not accept Bank of America's mortgage modification offer within the seven-day period specified in the offer.  Williams timely appealed, arguing that a valid contract exists as memorialized by the mortgage modification letter and that Bank of America breached that contract.

## II.

We review a dismissal under Rule 12(b)(6) de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Highland Capital Mgmt., L.P. v. Bank of Am., N.A.*, 698 F.3d 202,

No. 14-20520

205 (5th Cir. 2012) (citation and internal quotation marks omitted). "Those facts, however, taken as true, [must] state a claim that is plausible on its face." *Id.* (citation and internal quotation marks omitted).

Under Texas law, "[t]o prove an action for breach of contract, a plaintiff must establish the existence of an enforceable contract," the elements of which include "an offer" and "an acceptance in strict compliance with the terms of the offer." *Coleman v. Reich*, 417 S.W.3d 488, 491 (Tex. App.—Houston [14th Dist.] 2013, no pet.). An offeror is "the master of his own offer and c[an] dictate any terms of acceptance he [wants], including the stipulation of a time of acceptance." *Lacquement v. Handy*, 876 S.W.2d 932, 935 (Tex. App.—Fort Worth 1994, no writ). "Where, as here, an offer prescribes the time and manner of acceptance, its terms in this respect must be complied with to create a contract." *Town of Lindsay v. Cooke Cnty. Elec. Coop.*, 502 S.W.2d 117, 118 (Tex. 1973); *see also Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (citing *Lindsay*, 502 S.W.2d at 118). Therefore, "[a]n offeree's power of acceptance is terminated at the time specified in the offer . . . ." *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 26 (Tex. App.—Houston [14th Dist.] 2005, no pet.); RESTATEMENT (SECOND) OF CONTRACTS § 41(1) (1981).

In this case, Bank of America's offer unambiguously stated that Williams was to "[i]ndicate [his] acceptance of th[e] offer for a Modified Mortgage . . . by signing the attached acceptance . . . within seven days from the date of th[e] letter" and that the "offer will expire automatically without further notice." As stated in Williams's complaint, he did not communicate his intention to accept Bank of America's offer until at least five days after the offer's seven-day deadline. Accordingly, Williams's "power of acceptance . . . terminated at the time specified in the offer," and his untimely attempt to accept the offer was ineffectual and did not give rise to a valid contract. *Advantage Physical Therapy, Inc.*, 165 S.W.3d at 26; *see Paul Mueller Co. v. Alcon Labs., Inc.*, 993

3

No. 14-20520

S.W.2d 851, 855 (Tex. App.—Fort Worth 1999, no pet.); *see, e.g.*, *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 793–94 (5th Cir. 2014) (unpublished).[1]  We therefore hold that the district court correctly concluded that Williams failed to state a breach of contract claim on which relief could be granted.[2]

AFFIRMED.

---

[1]  Williams's argument that an acceptance may be effectual despite an insubstantial variance from the terms of an offer is inapplicable to the circumstance where the offer specifically dictates that acceptance may only occur within a certain period of time.  *See Advantage Physical Therapy, Inc.*, 165 S.W.3d at 26; *Paul Mueller Co.*, 993 S.W.2d at 855.  Likewise, Williams's arguments regarding offer terms that are impossible or cannot be complied with due to actions of the offeror are inapposite because Williams's complaint does not include facts demonstrating that compliance with the time deadline was impossible or prevented by Bank of America.

[2]  For the first time on appeal, Williams makes the following additional arguments: (1) if his attempted acceptance was ineffectual, it constituted a counteroffer that Bank of America accepted; (2) if a valid contract does not exist, Williams has a claim for promissory estoppel; and (3) Bank of America's history of manipulating the loan modification process should entitle him to relief.  We do not consider these arguments because they were not presented to the district court. *See Morgan v. Swanson*, 659 F.3d 359, 405 (5th Cir. 2011) (en banc) ("Our well-established rule is that arguments not raised before the district court are waived and will not be considered on appeal." (citation and internal quotation marks omitted)).  Because we hold there was not a contract due to lack of offer and acceptance, we do not also consider whether there was consideration or whether the statute of frauds was satisfied.