**ADVANTAGE PHYSICAL THERAPY, INC., Appellant,**

v.

**Leonard CRUSE, Individually and d/b/a Cruse and Associates, Appellee.**

No. 14–04–00131–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 22, 2005.

Kenneth C. Kaye, League City, Walter J. Kronzer, III, Houston, for appellant.

Otto D. Hewitt, III, Alvin, for appellee.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant appeals the trial court's take nothing judgment in favor of appellee. Appellant raises the following three issues on appeal: (1) whether a letter of protection can ever be a contract; (2) whether the letter of protection in this case is a contract; and (3) whether the trial court committed reversible error in holding the letter of protection in this case is not an enforceable contract. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Advantage Physical Therapy, Inc. ("APT"), provided physical therapy services to Diana Kinnebrew for injuries she sustained in an automobile accident. Kinnebrew later retained appellee, Leonard Cruse, to represent her in a suit to recover damages arising from the automobile accident. During the pendency of Kinnebrew's suit, Cruse sent an unsolicited

letter of protection to APT. The letter of protection, dated June 25, 1998, states, "This is to advise that the balance of $2,328 due you from my client [Kinnebrew] in respect to medical treatment provided to her in respect to injuries that she sustained in a car wreck on [January 17, 1997] will be protected out of any recovery made against the responsible party and/or her liability insurance carrier."

In 2000, Kinnebrew's case was tried to a jury, and Kinnebrew recovered $3,506.00 in damages. Cruse used the proceeds of the judgment to satisfy Kinnebrew's outstanding debt to him, $2,730.41 in out-of-pocket expenses Cruse incurred in prosecuting Kinnebrew's case and $1,402.40 in legal fees. Cruse's expenses and fees exceeded the total amount of the judgment.

APT attempted to contact Cruse on several occasions in 2000 to determine the status of Kinnebrew's case. In late January 2001, APT learned from Cruse that Kinnebrew had recovered approximately $3,000 in her suit.

In February 2001, APT's attorney sent Cruse a letter seeking payment of the $2,328.00 amount due APT based upon Cruse's June 25, 1998 letter of protection. Cruse responded with a letter explaining there were no funds to distribute to APT because Kinnebrew's case expenses and his attorney's fees had produced a negative net recovery. APT's attorney sent a second letter to Cruse in July 2001, again demanding payment of the $2,328.00 amount allegedly owed to APT.

In September 2001, APT filed suit against Cruse, individually and d/b/a Cruse and Associates, alleging Cruse promised to pay APT the sum of $2,328.00 upon the receipt of funds from the Kinnebrew law-suit but instead kept the funds for himself. After a two-day bench trial, the trial court signed a take nothing judgment in favor of Cruse. The trial court issued findings of fact and conclusions of law.[1]

On appeal, APT challenges the trial court's findings of fact and conclusions of law concerning Cruse's letter of protection. Specifically, APT challenges finding of fact number four which states, "The Letter of Protection was (a) not a contract between [APT] and [Cruse], and (b) was not enforceable as a contract against [Cruse]." APT also challenges conclusion of law number three which states, "The Letter of Protection was neither a contract and [sic] nor enforceable as a contract against [Cruse]." Additionally, APT argues the trial court committed reversible error in not addressing the question of whether Cruse breached the letter of protection and asserts there is sufficient evidence to show a breach of contract occurred.

DISCUSSION

A. Findings of Fact and Conclusions of Law

1. Findings of Fact

 Findings of fact in a bench trial have the same force and dignity as a jury's verdict upon jury questions. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.). When challenged on appeal, the findings are not conclusive if there is a complete reporter's record, as there is here. *In re K.R.P.*, 80 S.W.3d 669, 673 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). The trial court is the sole judge of the credibility of the wit-

---

1. The trial court's findings of fact and conclusions of law state that any finding of fact which may be mislabeled and constitute a conclusion of law is adopted as a conclusion of law, and any conclusion of law which may be mislabeled and constitute a finding of fact is adopted as a finding of fact.

nesses and the weight to be given their testimony. *Barrientos v. Nava,* 94 S.W.3d 270, 288 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The trial court's findings will not be disturbed if there is evidence of probative force to support them. *Id.* A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994).

### 2. Conclusions of Law

 We review the trial court's conclusions of law de novo. *Smith v. Smith,* 22 S.W.3d 140, 143–44 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Under de novo review, the reviewing court exercises its own judgment and redetermines each legal issue. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex.1998). We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Waggoner v. Morrow,* 932 S.W.2d 627, 631 (Tex.App.-Houston [14th Dist.] 1996, no writ). Incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.*

### B. The Trial Court's Findings and Conclusions Regarding the Letter of Protection

 APT contends no evidence supports the trial court's finding that no enforceable agreement existed. APT asserts Cruse's testimony at trial that he thought the amount of recovery in the Kinnebrew suit too small to justify paying APT anything conclusively establishes an agreement existed. APT also argues the letter of protection guaranteed Cruse's payment of the $2,328.00 owed to APT and meets all of the requirements of a contract. APT further contends the trial court committed revers-

ible error by not addressing the question of whether Cruse breached the letter of protection. In response, Cruse asserts the letter of protection is not an enforceable contract because there was no acceptance, delivery, consideration, or execution of the letter of protection. Cruse further contends the trial court implicitly found and concluded there was no breach by Cruse.

 To prove an action for breach of contract, a plaintiff must establish the existence of an enforceable contract. *See Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex.App.-Houston [1st Dist.] 1997, no writ) (listing elements of breach of contract action and including "the existence of a valid contract" as one of the necessary elements). The elements of the an enforceable contract are: (1) an offer; (2) an acceptance in strict compliance with terms of offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with an intent it become mutual and binding on both parties; and (5) consideration. *Angelou v. African Overseas Union,* 33 S.W.3d 269, 278 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Whether the parties reached an agreement is a question of fact. *Beal Bank, S.S.B., v. Schleider,* 124 S.W.3d 640, 653 n. 8 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Whether an agreement is legally enforceable is a question of law. *Id; see also Gaede v. SK Investments, Inc.,* 38 S.W.3d 753, 757–58 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) ("Whether an agreement constitutes a valid contract is generally a legal determination for the court. However, whether parties *intended* to make a contractual agreement is usually a fact issue for the jury." (internal citations omitted)).

 "Letters of protection" are sometimes used by attorneys in personal injury litigation to guarantee payment to health-

care providers from the proceeds of any future recovery. *See, e.g., Sealift v. Satterly,* No. 14–03–00051–CV, 2003 WL 21664672, at *3 n.2 (Tex.App.-Houston [14th Dist.] July 17, 2003, no pet.) (mem.opinion); *Brown v. Comm'n for Lawyer Discipline,* 980 S.W.2d 675, 678 (Tex.App.-San Antonio 1998, no pet.); *Belt v. Comm'n for Lawyer Discipline,* 970 S.W.2d 571, 573 (Tex.App.-Dallas 1997, no pet.). In *Sealift,* this court analyzed whether an unsolicited letter of protection was an enforceable contract and concluded as follows:

> First, there are a multitude of reasons why this letter of protection does not constitute a contract. Foremost is the fact that Satterly never accepted an offer by Fairbanks' lawyers. Sealift's lawyers acknowledged in the trial court that Satterly did not solicit the letter. Further, no evidence exists showing he responded to the correspondence in any way. The only action Sealift points to is Satterly's listing of Fairbanks' law firm as an additional insurer of medical bills on claim forms filed with his insurance company. This does not constitute acceptance.

2003 WL 21664672, at *3 (footnote omitted). *Sealift* involved an interlocutory appeal challenging the grant of a special appearance, and the issue was whether a letter of protection between a Missouri resident and a Texas law firm was sufficient to establish jurisdiction in Texas. The court ultimately concluded the letter of protection, *even if it was an enforceable contract,* did not establish jurisdiction. *Id.* at *3.

Cruse compares the facts of this case to *Sealift* and argues the unsolicited letter of protection here is not an enforceable contract because APT did not accept the letter of protection. APT counters that it

accepted the letter of protection by conduct.

During trial, defense counsel asked APT's president, Becky Gregory, "When you got [the June 25, 1998 letter of protection], did you write Mr. Cruse back and say, 'This is fine,' or 'This is okay with us,' or, 'Keep us informed?' Did you write anything back accepting this or saying, 'Yes, this is fine.'?" Gregory answered, "Not to my knowledge." On appeal, APT concedes it never accepted the letter in writing. Instead, APT contends acceptance of the letter of protection is evidenced by the following conduct: (1) handwritten notes by APT's staff of phone calls APT made to Cruse's office in 2000 and 2001 inquiring about the status of Kinnebrew's case; and (2) APT's decision not to sue Kinnebrew for her unpaid bill.

This conduct does not constitute acceptance of the letter of protection. First, the phone calls made by APT to Cruse's office inquiring about the status of Kinnebrew's case were not made until almost two years after Cruse sent the letter of protection to APT. Additionally, the phone log introduced into evidence does not evidence a clear and definite communication of acceptance by APT of Cruse's letter of protection. Rather, the log shows the calls APT's staff made to Cruse's office were merely status inquiries. Second, with regard to APT's decision not to sue Kinnebrew, Cruse had no way of knowing of APT's decision not to sue Kinnebrew. Therefore, APT's conduct of not pursuing collection efforts against Kinnebrew may not constitute acceptance.

It is well-settled that a binding contract must have an offer and an acceptance, and the offer must be accepted in strict compliance with its terms. *See American Nat'l Ins. Co. v. Warnock,* 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938); *Angelou,* 33 S.W.3d at 278. The parties

must have a meeting of the minds, and each party must communicate its consent to the terms of the agreement. The offer must be clear and definite just as there must be a clear and definite acceptance of all terms contained in the offer. *See Angelou,* 33 S.W.3d at 278. To form a binding contract, the party to whom the offer is made must accept such offer and communicate such acceptance to the person making the offer. *See id.* at 279.

■■■■■ An acceptance is not binding until delivered to the offeror. *See Jatoi v. Park Ctr., Inc.,* 616 S.W.2d 399, 400–401 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.). "An acceptance which resides solely within the exclusive knowledge of the acceptor without being communicated to the offeror is ordinarily no binding acceptance." *Id.* at 401; *see also State v. Triax Oil & Gas, Inc.,* 966 S.W.2d 123, 128 (Tex. App.-Austin 1998, no pet.) (recognizing "silence does not normally indicate acceptance of an offer"); RESTATEMENT (SECOND) OF CONTRACTS § 69(1), cmt. a (1981) (listing three situations in which silence may operate as acceptance, none of which are applicable here, and stating "[a]cceptance by silence is exceptional"). An offeree's power of acceptance is terminated at the time specified in the offer, or if no time is specified, it is terminated at the end of a reasonable time. *See Valencia v. Garza,* 765 S.W.2d 893, 897 (Tex.App.-San Antonio 1989, no writ) ("Reasonable time depends on the circumstances in each case, including the nature and character of the thing to be done and the difficulties surrounding and attending its accomplishment and is generally for the jury [factfinder]."); RESTATEMENT (SECOND) OF CONTRACTS § 41(1) (1981) ("An offeree's power of acceptance

is terminated at the time specified in the offer, or, if no time is specified, at the end of a reasonable time.").

The record shows an acceptance of the letter of protection by APT was *never* communicated to Cruse. The absence of an acceptance communicated by APT to Cruse within a reasonable time renders the letter of protection unenforceable. *See Jatoi,* 616 S.W.2d at 400–01. Only APT, the offeree, had the power to provide the critical element of acceptance of Cruse's offer. Even if all of the other elements required for the formation of a binding contract were present here, the lack of an acceptance is fatal to the formation of a contract.

We conclude the trial court's findings of fact are supported by evidence of probative force, and we uphold the trial court's conclusion of law that the letter of protection was not enforceable as a contract. Because the letter of protection is unenforceable as a contract, we need not address APT's remaining issues concerning whether Cruse breached the letter of protection or whether there is sufficient evidence to show a breach occurred. Accordingly, we overrule issues one,[2] two, and three.

CONCLUSION

The judgment of the trial court is affirmed.

---

2. APT's first issue seeks an advisory opinion, inquiring, "Whether a letter of protection can ever be a contract?" An advisory opinion decides an abstract question of law without binding the parties. *See Hays County v. Hays County Water Planning P'ship,* 106 S.W.3d 349, 358 (Tex.App.-Austin 2003, no pet.). We are prohibited from rendering advisory opinions. Accordingly, we may not address APT's first issue.