Affirmed
and Memorandum Opinion filed January 21, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01165-CV



the levin law
group, p.c., Appellant

v.

ernesto de
andre sigmon, Appellee 



On Appeal from
the County Court at Law No. 4

Harris County, Texas

Trial Court
Cause No. 917748



 

MEMORANDUM OPINION 

Appellant,
the Levin Law Group, P.C. (“LLG”) filed suit against attorney Ernesto de Andre
Sigmon for breach of an agreement to mediate an underlying civil lawsuit.  The
trial court granted Sigmon’s motion for summary judgment after Sigmon asserted,
inter alia, (a) he did not accept the terms of the agreement, (b) he did
not reschedule or cancel the mediation, and (c) the statute of frauds operated
to bar the alleged oral contract.  We affirm the judgment.

Background

On
January 25, 2008, Allan G. Levine, an attorney for one of the plaintiffs in the
underlying civil lawsuit, contacted LLG to obtain potential dates for
scheduling mediation of the dispute with Alan F. Levin, the principal
shareholder of LLG.  After obtaining several available dates, Levine contacted
Sigmon, the defendant’s attorney, and Don Fogel, the other plaintiff’s attorney
in the underlying case.  After checking their respective calendars, the attorneys
“settled on February 8, 2008” to mediate the underlying dispute.  

Levine
notified Levin’s office and confirmed the date.  LLG faxed a letter containing
information regarding the mediation to all three attorneys on January 29,
2008.  This letter provided:  “In the absence of [two weeks’] advance written
notice the attorneys are responsible to see that the mediator is promptly paid
fifty percent (50%) of the total mediation fee as an agreed
cancellation/rescheduling fee.”  LLG also faxed to the attorneys an “Attorney
Confidential Information Sheet and Request for Mediation” form (the “mediation
request form”) and a “Rules for Mediation” form (the “mediation rules form”).  

Sigmon
neither completed nor signed the mediation request form.  The mediation rules
form contained the following paragraph:

CANCELLATION/RESCHEDULING FEE AGREEMENT.  ONCE A
CASE HAS BEEN SET FOR MEDIATION, THE ATTORNEYS AND THE PARTIES RECOGNIZE THAT
THE MEDIATOR’S CALENDAR HAS BEEN RESERVED, AND THEY MUST THEREFORE PROVIDE THE
MEDIATOR AT LEAST TWO (2) WEEKS ADVANCE WRITTEN NOTICE OF
CANCELLATION/RESCHEDULING.  IN THE ABSENCE OF SUCH ADVANCE WRITTEN NOTICE, THE
ATTORNEYS AND PARTIES AGREE TO AND SHALL PAY THE MEDIATOR FIFTY PERCENT (50%)
OF THE TOTAL MEDIATION FEE FOR THE DAY(S) AS AN AGREED
CANCELLATION/RESCHEDULING FEE.  THIS RULE ALSO APPLIES TO MEDIATIONS SCHEDULED
LESS THAN TWO (2) WEEKS IN ADVANCE OF THE MEDIATION DATE.

Sigmon’s client in the
underlying suit was unable to attend the mediation in person, but was willing
to be available by telephone; Sigmon was available and prepared to attend the
mediation on his client’s behalf.  Fogel objected to the lack of personal
attendance by Sigmon’s client, and the mediation was cancelled.

In April 2008, LLG filed suit against Sigmon,
alleging breach of contract because Sigmon refused to pay the cancellation fee
listed in the mediation request form.  After generally denying the allegations
and asserting several affirmative defenses, Sigmon filed a traditional motion
for summary judgment.  

In the summary-judgment motion, Sigmon asserted (1)
there was no agreement to mediate, either written or oral, (2) he did not agree
to be personally obligated for any cancellation or rescheduling fees caused by
his client or anyone else, and (3) his client’s intended appearance at the
mediation via telephone was not a breach of any such agreement.  In an
affidavit attached to the motion, Sigmon stated, among other things:

·       
He made no agreement with respect to mediating the underlying
suit;

·       
He made no agreement regarding the amount of or obligation for
any cancellation or rescheduling fees;

·       
He did not reschedule or cancel the mediation;

·       
Fogel declined to go forward with the mediation when Sigmon’s
client was unable to physically attend the mediation;

·       
Neither Sigmon nor his client “accepted, acquiesced, or otherwise
agreed to the matters contained in (i) The Levin Law Group, P.C.’s letter of
January 29, 2008, (ii) an unsigned pre-printed one page document entitled ‘Rules
for Mediation,’ or (iii) a pre-printed uncompleted document entitled ‘Attorney’s
Confidential Information Sheet and Request for Mediation.’”

LLG filed a response to Sigmon’s summary-judgment
motion, in which it stated:

Sigmon consented to the scheduling of the mediation for
February 8, 2008; he received the correspondence of January 29, 2008 with the
Rules of Mediation and the Attorney’s Confidential Information Sheet and
Request for Mediation; he did not object to the terms contained within those
documents.  Further, he received the January 30, 2008 letter reemphasizing the
terms and made no objection.

LLG also attached affidavits
from Levin and Levine.  In his affidavit, Levin stated that because last-minute
cancellations are a “huge problem” for mediators, he had implemented a
cancellation policy.  He stated that, in his experience, generally “all the
attorneys are well familiar with the cancellation policy of this mediator as
well as other quality mediators” but he “specifically call[s] the policy to the
attorney’s attention every single time.”  

In the affidavit, Levin also indicated that, in this
specific situation, his staff forwarded a letter by facsimile to all three
attorneys in the underlying case.   In the first paragraph of the letter, he
stated “I specifically alert you to Rule 19 dealing with cancellation/rescheduling
fees.”  Levin also specified the total mediation fee in this case was
$6,375.00; thus the cancellation/rescheduling fee would be $3,187.50.  

LLG also attached an affidavit from Levine, indicating
that he contacted Levin’s assistant to obtain potential dates for mediation. 
Levine stated that after “dialoging” with Sigmon and Fogel, they settled on
February 8, 2008, and Levine notified Levin’s office and confirmed the date. 
Levine averred that it was his belief the other attorneys understood personal attendance
at the mediation was essential.  He further stated that he recognized he and
his clients were bound by the Rules of Mediation provided by Levin, including
“the cancellation fee and the fact that the attorney and/or party who causes
the cancellation is responsible to pay fifty percent (50%) of Mr. Levin’s total
fee.”  Levine explained he had never been asked by a mediator to sign any type
of “formal agreement”, and he and all other “practicing, experienced attorneys
who engage in mediation in Harris County, Texas, deem [themselves] and [their]
clients bound to the Rules of Mediation once Mr. Levin and the date for
mediation have been selected.”[1]

Sigmon replied to LLG’s response, objecting to much
of the affidavit evidence.  The trial court did not rule on these objections,
but granted Sigmon’s summary-judgment motion on August 1, 2008.  The judgment
became final on September 17, 2008, and, after a motion for new trial was
overruled by operation of law, this appeal timely ensued.

Discussion

I. 
       Standard of Review

            To
prevail on a traditional motion for summary judgment, the moving party must
establish “there is no genuine issue as to any material fact and the moving
party is entitled to judgment as a matter of law.”  Tex. R. Civ. P. 166a(c); see
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In
determining whether there is a genuine fact issue precluding summary judgment, we
take as true evidence favorable to the non-movant, and we make all reasonable
inferences and resolve all doubts in favor of the non-movant.  Nixon, 690
S.W.2d at 548–49.  A movant that conclusively negates at least one essential
element of a plaintiff’s cause of action is entitled to summary judgment on
that claim.  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,
143 S.W.3d 794, 798 (Tex. 2004).  

Thereafter,
the burden shifts to the non-movant to produce evidence that would preclude
summary judgment.  See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678–79 (Tex. 1979).  If there is no issue of material fact, summary
judgment should issue as a matter of law.  See Haase v. Glazner, 62
S.W.3d 795, 797 (Tex. 2001).  We review the trial court’s summary judgment de
novo.  Provident Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003).  

II. 
      Existence of a Contract

            The
parties agree there is no written contract in this case.  LLG asserts, however,
that “there is a fact issue concerning whether [Sigmon] accepted the terms of
mediation by scheduling the date and failing to object to any of the terms
contained in the mediation agreement,” thus precluding summary judgment.

The
elements of written and oral contracts are the same and must be present for a
contract to be binding.  Wal-Mart Stores, Inc. v. Lopez, 93 S.W.3d 548,
555 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  A binding contract must
have an offer and an acceptance; the acceptance must be in strict compliance
with the terms of the offer.  Advantage Physical Therapy, Inc. v. Cruse,
165 S.W.3d 21, 25 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Generally,
acceptance of an offer must be communicated to the offeror for a contract to be
binding.  Id. at 26.  Thus, silence does not ordinarily indicate
acceptance of an offer.  See id. (citing Restatement (Second) of Contracts § 69(1) cmt. a (1981)); see
also Tex. Ass’n of Counties County Gov’t Risk Mgmt. Pool v. Matagorda County,
52 S.W.3d 128, 132 (Tex. 2000) (noting that “as a general rule, ‘silence
and inaction will not be construed as an assent to an offer’” (quoting 2 Williston on Contracts § 6:49 (4th ed.
1991))).  

In
this case, Levine was the only attorney who spoke with LLG and Sigmon about
scheduling the mediation.  In his affidavit, Levine does not indicate that, before
Sigmon agreed to mediate the underlying dispute, Levine communicated either
Levin’s mediation fee or cancellation/rescheduling charges.  The parties agree
that these terms were communicated to Sigmon after the mediation was
scheduled.  Thus, the fact that Sigmon agreed to mediate the dispute does not
support an inference that Sigmon agreed to the mediation rules or cancellation fees. 
See Advantage Physical Therapy, Inc., 165 S.W.3d at 25 (acceptance must
be in strict compliance with terms of offer). 

In
fact, Sigmon presented uncontroverted affidavit evidence that he never entered
into an agreement to mediate the underlying suit under the terms and conditions
specified by the letters from LLG, the mediation request form, or the mediation
rules form.  The only evidence LLG specifies to support its claim of an oral
agreement to mediate under the written terms it provided is Sigmon’s “lack of
objection” to these terms, i.e., Sigmon’s silence, after LLG faxed the
written terms to him.  But silence rarely indicates acceptance of an offer.  See
id. at 26; see also Tex. Ass’n of Counties County Gov’t Risk Mgmt. Pool,
52 S.W.3d at 132; Restatement (Second)
of Contracts, § 69(1) (noting that assent may be inferred “[w]here an
offeree takes the benefit of offered services with reasonable opportunity to
reject them”).  

Here,
Sigmon did not take the benefit of the offered services with a “reasonable
opportunity” to reject them.  Ultimately, he did not take the benefit of the
offered services at all.  Further, the confirmation letter, mediation rules
form, and mediation agreement form were faxed to Sigmon on January 29, 2008.  Six
days later, on Monday, February 4, 2008, Sigmon notified LLG that his client
would be unable to physically attend the mediation.  Thus, Sigmon’s purported
lack of objection to the terms of the mediation does not indicate acceptance of
LLG’s mediation rules.  See Tex. Ass’n of Counties County Gov’t Risk Mgmt.
Pool, 52 S.W.3d at 132; Advantage Physical Therapy, Inc., 165 S.W.3d
at 26.

Additionally,
it is uncontroverted that Sigmon was willing to attend the mediation on behalf
of his client, and his client agreed to be available throughout the mediation
by telephone.  Levin and Levine both stated in their affidavits that they were
willing to conduct the mediation under these conditions.  The parties agree
that Fogel objected to this format, and the mediation was cancelled as a result
of Fogel’s objection.  

Thus,
if the rules for mediation require “personal attendance” as Levin states in his
affidavit, Sigmon objected to the offered mediation terms by notifying LLG that
his client would not be able to personally attend the mediation.  If anything,
this objection to LLG’s mediation terms could be deemed a counter-offer by Sigmon,
which Levin and Levine accepted, but Fogel rejected.  See, e.g., Lewis
v. Adams, 979 S.W.2d 831, 834 (Tex. App.—Houston [14th Dist.] 1998, no
pet.) (“It is elementary that an acceptance must not change or qualify the
terms of an offer; if it does, there is no meeting of the minds between the
parties because the modification then becomes a counteroffer.”).  At any rate,
the “communications between the parties and the acts and circumstances
surrounding those communications” in this case indicate that there was no
meeting of the minds, and thus no offer and acceptance, regarding the essential
terms of the mediation.  Wal-Mart Stores, Inc., 93 S.W.3d at 556.

Under
these circumstances, we conclude that Sigmon conclusively established that he
did not accept the terms of the mediation specified in the letters faxed by
LLG, the mediation rules form, or the mediation agreement form—an essential
element of LLG’s breach of contract claim.  Cf. IHS Cedars Treatment Ctr. of
Desoto, Tex., Inc., 143 S.W.3d at 798; see Advantage Physical Therapy,
Inc., 165 S.W.3d at 25–26.  Because LLG presented no evidence raising a
genuine issue of material fact regarding this issue, the trial court properly
granted summary judgment to Sigmon.  We accordingly overrule LLG’s issue. 

Conclusion

We
conclude that Sigmon established his entitlement to summary judgment on LLG’s
breach of contract claim.  Having overruled LLG’ single issue, we affirm the
trial court’s order granting Sigmon’s motion for summary judgment.

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.             

 









[1]
Sigmon stated in his affidavit, “I have practiced law in Dallas, Texas for the
approximate nine years since [being licensed in 1999] and have appeared in the
courts of Harris County, Texas several times during that period.”  He does not
indicate whether he has engaged in mediation in Harris County.