Peters v









 

NO. 12-10-00108-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:  ASTRO AIR, L.P.,                           
     §

                         

RELATOR                                                      
   §                             ORIGINAL PROCEEDING

 

                                                                         
  §







            MEMORANDUM
OPINION

            By petition for writ of mandamus, Astro Air, L.P. challenges the trial
court’s order denying its motion to abate the underlying proceeding and compel
arbitration.[1] 
The real party in interest is Sharron Hall.  We deny the petition.

 

Background

Hall
was hired by Astro in December 2005.  She worked for Astro until she was
injured on the job in July 2007.  Because she believed that her injury was
caused by Astro’s negligence, Hall sued Astro.  Shortly thereafter, Astro filed
a motion to abate the underlying proceeding and compel arbitration.

In
its motion, Astro argued that the claims Hall asserted were covered claims
under an arbitration agreement between Hall and Astro.  However, Astro failed
to present an arbitration agreement signed by Hall.  Instead, Astro presented an
affidavit and deposition testimony from Lora Griffith Western, Astro’s human
resources manager at the time of Hall’s hiring.  According to Western, Astro was
a nonsubscriber to workers’ compensation insurance at the time Hall was hired. 
Consequently, Astro’s routine practice was to explain to any new employee that
it was a nonsubscriber and that it had an ERISA compliant injury benefit plan
that included an arbitration agreement.  To memorialize these conversations,
Astro required the signature of the new employee on several documents,
including an arbitration agreement, before the new employee began work.  Based
upon this information, Astro argued that Hall must have been notified of and
signed an arbitration agreement because she worked for Astro.  Further, Astro
contended that its routine practice provides evidence that Hall and Astro
entered into an arbitration agreement.  

Astro
admitted that another of its routine practices was to keep the documents discussed
with a new employee, including the signed arbitration agreement, in the
employee’s personnel file.  However, Astro was acquired by Luvata Grenada,
L.L.C., in August 2007.  Although Astro sent personnel files to Luvata Grenada,
the contents of Hall’s personnel file have not been located. 

In
response to Astro’s motion to compel arbitration, Hall stated by affidavit that
she did not recall being informed of an arbitration agreement, agreeing to be
bound by an arbitration agreement, or signing an arbitration agreement.  She
did remember being told that Astro did not participate in workers’
compensation.

            After
hearing argument and reviewing the affidavits and deposition testimony, the
trial court denied Astro’s motion.  Astro then filed its petition for writ of
mandamus.

 

Availability of Mandamus

Ordinarily,
mandamus will issue to correct a clear abuse of discretion where there is no
adequate remedy by appeal.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).  With respect to the
resolution of factual matters or matters committed to the trial court’s
discretion, we may not substitute our own judgment for that of the trial
court.  Walker, 827 S.W.2d at 839.  In such matters, the relator
must establish that the trial court could reasonably have reached only one
decision.  Id. at 840.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court’s decision
unless it is shown to be arbitrary and unreasonable.  Id.  Review
of a trial court’s determination of the legal principles controlling its ruling
is much less deferential.  Id.  A trial court has no discretion
in determining what the law is or applying the law to the facts.  Id. 
Consequently, a clear failure by the trial court to analyze or apply the law
correctly constitutes an abuse of discretion.  Id.  The party
seeking the writ of mandamus has the burden of showing that the trial court
abused its discretion.  In re E. Tex. Med. Ctr. Athens, 154
S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding).

In
drafting an arbitration provision, parties are free to specify which
arbitration act governs their agreement to arbitrate.  Citizens Nat’l
Bank v. Bryce, 271 S.W.3d 347, 353 (Tex. App.—Tyler 2008, orig.
proceeding [mand. denied]) (combined interlocutory appeal and original
proceeding) (citing Volt Info. Scis., Inc. v. Bd. of Trs. of Leland
Stanford Jr. Univ., 489 U.S. 468, 477-79, 109 S. Ct. 1248, 1254-56, 103
L. Ed. 2d 488 (1989)).  When the Federal Arbitration Act (the “FAA”) applies,
and a trial court erroneously denies a party’s motion to compel arbitration
under the FAA,  the movant has no other adequate remedy at law and is entitled
to a writ of mandamus.  In re FirstMerit Bank, N.A., 52 S.W.3d
749, 753 (Tex. 2001) (orig. proceeding).  Here, Astro seeks to enforce an
arbitration agreement that specifically states, “The FAA governs all aspects of
this agreement.”  Thus, mandamus is the proper avenue for Astro to challenge the
trial court’s denial of its motion to compel arbitration.  We therefore focus
our inquiry on whether the trial court abused its discretion in denying the
motion.

 

The Arbitration Agreement

Astro
argues that Hall executed a copy of the arbitration agreement and that it presented
“overwhelming evidence” establishing its routine practice of providing all new
employees with a copy of the agreement.  According to Astro, its evidence of routine
practice is admissible to establish that it provided notice of the arbitration
agreement to Hall.  Therefore, Astro concludes, the arbitration agreement is valid,
and Hall is bound to arbitrate her claims against Astro, because Hall either
signed the agreement or at least received notice of the agreement.  On the
other hand, Hall argues that Astro did not establish that Hall signed the
arbitration agreement and that Astro’s proof did not conclusively refute any of
the statements in Hall’s affidavit.  Hall further contends that she is entitled
to a spoliation inference because relevant evidence—her personnel file—was lost
while in Astro’s possession.

Contract
Law

            Arbitration
agreements are valid, irrevocable, and enforceable to the same extent as any
other contract.  9 U.S.C.A. § 2 (West 1999).  Thus, an arbitration agreement is
valid if it satisfies the general contract law requirements of the applicable
state.  In re Poly-America, L.P., 262 S.W.3d 337, 347 (Tex. 2008)
(orig. proceeding).  Therefore, we must first determine whether the arbitration
agreement in this case satisfies Texas law governing contract formation.  See
id; see also In re Morgan Stanley & Co., 293
S.W.3d 182, 187 (Tex. 2009) (orig. proceeding) (courts have authority and
responsibility to determine existence of contract containing relevant
arbitration agreement).  Arbitration agreements are treated the same as any
other contract.  In re Poly-America, L.P., 262 S.W.3d at 347. 
Once an enforceable arbitration agreement is found, the strong federal
presumption in favor of arbitration requires doubts not relating to enforceability
to be resolved in favor of arbitration.  Id. at 348.  But the
initial determination of whether an enforceable agreement exists is determined
through the neutral application of contract law.  Id.

The
elements necessary to form a binding contract are (1) an offer, (2) acceptance in
strict compliance with the terms of the offer, (3) a meeting of the minds, (4) a
communication that each party consented to the terms of the contract, (5)
execution and delivery with the intent that it become mutual and binding, and (6)
consideration.  Advantage Physical Therapy, Inc. v. Cruse, 165
S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Whether an
agreement was reached is a question of fact.  Id.  Additionally,
in the employment context, a party asserting a change to an at will employment
contract must prove that the other party received notice of the change and
accepted the change.  In re Halliburton Co., 80 S.W.3d 566, 568
(Tex. 2002) (orig. proceeding).  To prove notice, an employer asserting a change
must prove that it unequivocally notified the employee of a definite change in
employment terms.  Id.  When an employer so notifies an employee
and the employee continues working with knowledge of the change, the employee
has accepted the change as a matter of law.  Id.

            Unless
disputed issues of fact require a full evidentiary hearing, a trial court
should decide a motion to compel arbitration summarily.  In re Poly
America, L.P., 262 S.W.3d at 354.  Ordinarily, the hearing at which a
motion to compel arbitration is decided involves application of the arbitration
agreement terms to undisputed facts, amenable to proof by affidavit.  Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992) (orig.
proceeding).  Therefore, the trial court generally decides whether to compel
arbitration on the basis of affidavits, pleadings, discovery, and
stipulations.  Id.  If the facts are disputed, the trial court
must conduct an evidentiary hearing to determine the disputed facts.  Id.


Routine
Practice and Spoliation Evidence

Evidence
of the routine practice of an organization is relevant to prove that the
organization acted in conformity with its routine practice on a particular
occasion.  Tex. R. Evid. 406. 
Thus, a party’s routine response to a repeated, specific situation is
admissible.  Pacesetter Corp. v. Barrickman, 885 S.W.2d 256, 263
(Tex. App.—Tyler 1994, no writ).  However, the routine practice of an
organization does not conclusively establish the fact sought to be proved.  See
In re Advance EMS Servs., No. 13-06-00661-CV, 2009 Tex. App.
LEXIS 1134, at *9-10 (Tex. App.—Corpus Christi Feb. 12, 2009, orig.
proceeding) (mem. op.) (employer’s representative testified employees not
allowed to begin work until they signed acknowledgment of arbitration agreement;
trial court could properly conclude no valid arbitration agreement where
representative did not provide direct and unequivocal testimony and lacked
personal knowledge of pertinent revisions).

Spoliation
is the improper destruction of evidence relevant to a case. Adkison v.
Adkison, No. 12-06-00077-CV, 2007 WL 259550, at *3 (Tex. App.—Tyler
Jan. 31, 2007, no pet.) (mem. op). 

 

Evidence spoliation is not a new concept.  For years
courts have struggled with the problem and devised possible solutions. 
Probably the earliest and most enduring solution was the spoliation inference
or omnia praesumuntur contra spoliatorem: all things are presumed
against a wrongdoer.  In other words, within the context of the original
lawsuit, the factfinder deduces guilt from the destruction of presumably
incriminating evidence.

 

 

Trevino v.
Ortega, 969 S.W.2d 950, 952 (Tex. 1998) (internal citations omitted). 
This traditional response to the problem of evidence spoliation properly frames
the alleged wrong as an evidentiary concept, not a separate cause of action. Id. 
“[W]hen spoliation occurs, there must be adequate measures to ensure
that it does not improperly impair a litigant’s rights . . . .” Id.
at 953.  It is simple, practical, and logical to rectify any improper conduct within
the context of the lawsuit in which it is relevant. Id.           The
loss or destruction of evidence may seriously impair a party’s ability to
present its case.  Tex. Electric Co-op. v. Dillard, 171 S.W.3d
201, 208 (Tex. App.—Tyler 2005, no pet.) (citing Wal-Mart Stores, Inc. v.
Johnson, 106 S.W.3d 718, 721 (Tex. 2003)).  The trial court enjoys
discretion to fashion an appropriate remedy to restore the parties to “a rough
approximation of their positions if all evidence were available.” See Johnson,
106 S.W.3d at 721.

 

Because parties have a duty to reasonably preserve
evidence, it is only logical that they should be held accountable for either
negligent or intentional spoliation.  While allowing a court to hold a party
accountable for negligent as well as intentional spoliation may appear
inconsistent with the punitive purpose of remedying spoliation, it is clearly
consistent with the evidentiary rationale supporting it because the remedies
ameliorate the prejudicial effects resulting from the unavailability of
evidence.  In essence, it places the burden of the prejudicial effects upon the
culpable spoliating party rather than the innocent nonspoliating party.

 

 

See Trevino,
969 S.W.2d at 957 (Baker, J., concurring) (internal citations omitted). 

Application

            Here,
Astro provided admissible routine practice evidence that it had entered into a
binding arbitration agreement with Hall. See Tex. R. Evid. 406.  The evidence was not only admissible, but
also strong and persuasive that Hall was notified of the arbitration agreement
and that she signed the arbitration agreement.  But Astro’s proof was not
conclusive.

Astro
was unable to provide the trial court with an arbitration agreement signed by
Hall.  The deposition testimony of Lora Griffith Western, Astro’s human resources
manager at the time of Hall’s hiring, demonstrated that Western believed Hall
was notified of and signed the acknowledgement of the arbitration agreement,
but she was not certain.  In fact, Western stated that she could not be certain
without seeing the contents of Hall’s personnel file.  Also, Hall controverts
Astro’s proof to some extent by stating in her affidavit that she could not
recall signing or being presented with an arbitration agreement.  Hall admitted
that Astro explained it did not participate in workers’ compensation, but this
evidence does not conclusively establish that Hall was notified of an
arbitration agreement or that she signed such an agreement.

Hall
also asserts that the spoliation inference should inure to her benefit because her
personnel file, including any arbitration agreement that may have been in the
file, was in Astro’s possession, and Astro negligently lost the contents of the
personnel file.  The contents of the personnel file are critical evidence in
this case because a signed copy of an arbitration agreement would conclusively demonstrate
that Hall and Astro had an agreement to arbitrate.  An unsigned copy or no copy
at all would be strong evidence that Astro’s routine procedure was not followed
in this case and thus, evidence that Hall was not presented with an arbitration
agreement or required to sign an arbitration agreement before beginning work.

            We
agree with Hall that Astro’s evidence in this case is not conclusive.  Astro’s
evidence of its routine practice is sufficient to allow the trial court to find
that an arbitration agreement existed between Astro and Hall.  However, Astro’s
burden is heavier than that.  Although Astro presented strong evidence of its
routine practice, we cannot say that the trial court could reasonably have
reached but one decision about the existence of an agreement to arbitrate.  See
Walker, 827 S.W.2d at 839.  Therefore, the trial court did not
abuse its discretion in denying Astro’s motion to compel arbitration.  

 

Disposition

Because
Astro has not shown an abuse of discretion by the trial court, we deny
its petition for writ of mandamus. 

                                                                                                Brian Hoyle

                                                                                                  
   Justice

 

 

Opinion delivered September 15,
2010.

Panel
consisted Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









                        [1] The respondent is
the Honorable Dwight Phifer, Judge of the 2nd Judicial District Court, Cherokee
County, Texas.