**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-20098

ARV OFFSHORE COMPANY, LIMITED,

Plaintiff-Appellee

v.

CON-DIVE, L.L.C.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-944

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

This is a breach of contract case. Appellant Con-Dive, L.L.C. was held liable for breaching a subcontract with ARV Offshore Company to provide a saturation dive system, known as the Orca, to be used by ARV on a subsea project in the Gulf of Thailand. As a result of Con-Dive's breach, ARV had to procure substitute vessels to complete the work and incurred increased costs. Con-Dive appeals both the district court's determination on summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20098

that the parties entered into a binding contract and the court's award of damages after a bench trial. For the following reasons, we AFFIRM.

In June 2008, ARV and Con-Dive signed a Letter of Award confirming an intent to contract for the Orca to be used on ARV's project in the Gulf of Thailand. The district court held that the Letter of Award, along with two attachments, constituted a binding agreement that contained all the essential elements of a contract. Con-Dive disputes this finding, arguing that the parties were still negotiating and that the Letter of Award lacked the essential element of a payment guarantee.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. *ACE Am. Ins. Co. v. M-I, L.L.C.*, 699 F.3d 826, 830 (5th Cir. 2012). A valid contract under Texas law requires "(1) an offer; (2) an acceptance in strict compliance with terms of [the] offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with an intent it become mutual and binding on both parties; and [6] consideration." *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.–Houston [14th Dist.] 2005, no pet.). To be legally binding, the contract "must be sufficiently definite in its terms so that a court can understand what the promisor undertook." *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992).

Here, the Letter of Award and its attachments contained all essential elements and was sufficiently definite to be understood by the parties as a binding contractual agreement. The Letter of Award provided that Con-Dive would mobilize its Orca dive system and deliver it to Bush Intercontinental Airport for transport to Singapore. It included terms for the mobilization fee to be paid by ARV, the subsequent day rate that ARV would pay for each day that the system was in use, the time that the day rate would commence, the scope of

2

the work, and the expected duration of the contract. Although the parties intended for a formal subcontract to replace the Letter of Award, which never occurred, the agreement provided that the Letter of Award would govern the parties' relationship until the subcontract was executed. The fact that the Letter of Award did not mention a payment guarantee does not preclude the existence of a valid contract because the record shows that ARV agreed to obtain the guarantee, and ARV's director testified without contradiction that ARV did get a guarantee from its bank before Con-Dive breached the agreement.

The parties' conduct after the Letter of Award was signed also reflected a belief that there was a valid contract. ARV chartered and paid for a cargo plane to transport the Orca to Singapore, and Con-Dive thereafter acknowledged in an email that it would continue with plans to ship the Orca on the plane obtained by ARV. We conclude from the plain language of the Letter of Award, from what the parties said in their emails, and from the parties' conduct in arranging transport for the Orca, that there was a meeting of the minds on all essential terms of a contract. *See Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.–San Antonio 1999, pet. denied) ("The determination of a meeting of the minds, and thus offer and acceptance, is based on the objective standard of what the parties said and did and not on their subjective state of mind.").

Con-Dive argues in the alternative that even if a contract was formed, it did not breach the agreement because it attempted to provide a substitute dive system. This argument is unavailing because Con-Dive's terms for the substitute system were contrary to the original agreement, and included a higher mobilization fee, a higher day rate, and an increase in the portion of transportation costs to be borne by ARV. The district court did not err by concluding that the parties entered into a valid contract and that Con-Dive breached the agreement by failing to provide the Orca, or a reasonable substitute, on terms equivalent to the original agreement.

No. 12-20098

Con-Dive next challenges the district court's calculation of damages. ARV presented expert testimony showing that had Con-Dive provided the Orca, it would have used the Orca on a vessel called the NOR VALIANT and would have incurred costs of $10,646,996.40 to complete its project. Its expert further established that ARV actually incurred costs of $16,072,036.80 as a result of having to procure three substitute vessels on the open market at a higher price than ARV would have paid for the Orca/NOR VALIANT combination. In an effort to place ARV in as good an economic position as it would have been in had Con-Dive not breached the contract, the district court awarded ARV the difference between its actual costs and its expected costs, or $5,425,040.40.

Con-Dive's primary argument is that ARV failed to prove its damages because ARV's expert did not account for revenue that ARV received from chartering the three substitute vessels, and therefore ARV failed to show that it suffered a financial loss. It argues that ARV's managing director, Alan Stewart, testified that ARV was reimbursed by its own customer for the increased vessel costs, and it argues that ARV may also have made a profit.[1] The district court's calculation of damages in a bench trial is a question of fact that, absent an error of law, is reviewed for clear error. *Ergon-West Virginia, Inc. v. Dynegy Mktg. & Trade*, 2013 WL 237567, at *3 (5th Cir. 2013); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

Damages in a breach of contract case are generally measured as just compensation for losses actually sustained as a result of the breach and are meant to restore the injured party to the position he would have occupied had the breaching party performed the contract. *See Lafarge Corp. v. Wolff, Inc.*, 977

---

[1] We note that Con-Dive focuses only on the costs associated with the substitute vessels and does not address approximately $1.3 million that ARV paid to charter the cargo plane to transport the Orca. Because Con-Dive does not address the transportation costs included in the district court's damages award, the issue is deemed abandoned. *See Tewari De–Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 609–10 (5th Cir. 2011).

No. 12-20098

S.W.2d 181, 187 (Tex. App.—Austin 1998, pet. denied); *see also* Restatement (Second) of Contracts § 347. "[W]here the injured party has simply had to pay an additional amount to arrange a substitute transaction and can be adequately compensated by damages based on that amount," the increased amount paid by the injured party may be adequate to restore the injured party to the position he would have been in had the breach not occurred. Restatement (Second) of Contracts § 347 cmt. a.

In the instant case, ARV proved that it had to secure replacement vessels on the open market in order to complete its project after Con-Dive's breach and that it actually paid the costs for those vessels. ARV proved through its expert that the increased expenses were reasonable and necessary. The district court, which was in the best position to assess the matter, found ARV's expert to be credible and reliable. *See, e.g.*, *French v. Allstate Indem. Co.*, 637 F.3d 571, 581 & n.9 (5th Cir. 2011) (holding that the district court was best positioned to assess witness credibility when determining the plaintiff's actual loss). We perceive no error in the district court's award of damages based on ARV's increased costs to complete the same work that would have been performed had Con-Dive provided the Orca. ARV therefore sufficiently proved that it suffered actual damages as a result of the breach of contract by Con-Dive. *See* Restatement (Second) of Contracts § 347.

To the extent that Con-Dive argues ARV was reimbursed for any of its costs, Con-Dive is essentially seeking an offset. Con-Dive conceded at oral argument that it did not plead offset as an affirmative defense, and the issue could be considered waived. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)*; Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 113 (Tex. App.—San Antonio 2011, pet. denied). Even if the issue is not waived, however, Con-Dive bore the burden of proving facts necessary to support an offset. *See Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980). Stewart's

testimony about reimbursements, upon which Con-Dive relies, was non-specific and did not establish a basis for the district court to recompute the damage amount.  Indeed, Stewart also testified that there were a number of vessel days that were not reimbursed by its client and that ARV's claim for damages included only vessel days for which ARV was invoiced and for which it actually paid.  As noted by the district court, Con-Dive presented no additional evidence from which the district court could reasonably determine the amounts, if any, to be credited against ARV's damages.  The district court did not clearly err in its damages award.

Con-Dive further argues that ARV would have incurred additional expenses even if it had supplied the Orca, and therefore ARV's damages model was unreliable, because (1) ARV could not have completed the project within the limited time frame set by the Letter of Award, and (2) the NOR VALIANT experienced mechanical breakdowns that would have occurred regardless of Con-Dive's breach.  The district court carefully considered Con-Dive's arguments, and we conclude that its finding of fact that the project could have been completed as contemplated in the contract was not clearly erroneous.  *See Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012) (district court's findings of fact in a bench trial are reviewed for clear error).

AFFIRMED.