

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00009-CV

———————————————

EDISON SOLAR LLC, Appellant

V.

JAMES EDWARD BARRERA AND DIAMOND KAPANDY BARRERA, Appellees

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2024-005046-3

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I.  Introduction

Appellees James Edward Barrera and Diamond Kapandy Barrera sued Appellant Edison Solar LLC, and others not involved in this appeal, asserting claims under the Deceptive Trade Practices Act stemming from solar panels installed on the Barreras' roof.  Edison Solar moved to compel arbitration based on Paragraph 10(c) of the Solar Installation Agreement (the Agreement).  The trial court denied the motion, and Edison Solar filed this interlocutory appeal, arguing in a single issue that the trial court abused its discretion by failing to compel arbitration.  Because the dispute-resolution provisions at issue contain conflicting terms that cannot be harmonized, there was no meeting of the minds on the essential terms of the arbitration agreement.  Accordingly, we affirm the trial court's order denying the motion to compel arbitration.

## II.  The Arbitration Provision

At the crux of this appeal is the following provision regarding how the parties are to resolve disputes:

> 10. **RESOLVING DISPUTES.** The Parties shall resolve any dispute, controversy, or claim arising out of or relating to this Agreement, or the breach, termination, or invalidity hereof, (each, **Dispute**), under the provisions of Sections 9(A) through 9(E).  The procedures set forth in Sections 9(A) through 9(C) shall be the exclusive mechanisms for resolving any Dispute that may arise from time to time, and Section 9(A)

through 9(B) are express conditions precedent to binding arbitration of the Dispute.[1]

Section 9, however, governs "Extra Work and Change Orders" and is not followed by any subsections; the "provisions of Sections 9(A) through 9(E)" that Section 10 references do not exist. Edison Solar claims that this was a typographical error and sought to have the trial court overlook that discrepancy and move to Paragraph 10(c):

> c. **Arbitration as a Final Resort.** If the Parties cannot resolve any Dispute for any reason, including, but not limited to, the failure of either party to agree to enter into mediation or agree to any settlement proposed by the mediator, within fifteen (15) Business Days after the Escalation to Mediation Date, either party may commence binding arbitration. Specifically, this arbitration [is] to be held in Dallas County[,] Texas, before a single arbitrator and administered by the American Arbitration Association (AAA) in accordance with AAA Fast Track Construction Rules applicable at the time the arbitration is commenced, except as modified by this Agreement. . . .

Two subsections later, also under Section 10, the following paragraph appears:

> e. **Submission to Jurisdiction.** Any legal suit, action, or proceeding arising out of or based upon/relating to this Agreement or the transactions contemplated hereby shall be instituted in any United States federal court or state court located in the [S]tate of Texas in the City of Rockwall and County of Rockwall, and *each party irrevocably submits to the []exclusive jurisdiction of such courts in any such suit, action, or proceeding.* [Emphases added.]

---

[1]In addition to this paragraph 10, several pages later there is a second paragraph 10 that is printed in a different font and is entitled "Limited Warranty," which is followed by an unnumbered section that is titled "Property Conditions" before paragraph 11 is set forth. These provisions are not mentioned by the parties but further exemplify the drafting inconsistencies that are present in the Agreement.

As discussed below, we decide this interlocutory appeal based on these conflicting provisions.

## III. Discussion

In its sole issue, Edison Solar argues that the trial court erred by failing to compel the parties to arbitrate their dispute. Specifically, Edison Solar contends that the Agreement's arbitration provision should be enforced because Appellees' lawsuit against Edison Solar arises from and is related to the Agreement. Because the Agreement's dispute-resolution provisions directly conflict, thus reflecting that there was no meeting of the minds, we rule against Edison Solar.

### A. Standard of Review

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding)). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Id.* A trial court abuses its discretion if it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

When, as here, an order denying a motion to compel arbitration does not state the grounds for the denial, we must affirm the order if any of the grounds asserted in the trial court for denying the motion are meritorious. *See CPG 220 Holdings 2014, LLC v. Mulcahy*, No. 03-24-00482-CV, 2025 WL 498525, at *4 (Tex. App.—Austin

4

Feb. 14, 2025, pet. filed). And when, also as here, the trial court makes no written findings of fact or conclusions of law in support of its ruling, we are to infer all facts necessary to support the denial order so long as the facts are supported by the evidence. *Id.*

## B. Applicable Law

The Houston Fourteenth Court of Appeals has set forth the law that governs arbitration provisions:

> Arbitration cannot be ordered in the absence of an agreement to arbitrate. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Morgan v. Bronze Queen Mgmt. Co.*, 474 S.W.3d 701, 705 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Thus, despite strong presumptions that favor arbitration, a valid agreement to arbitrate is a threshold requirement to compel arbitration. . . . *Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737–38; *Morgan*, 474 S.W.3d at 705. Because an arbitration provision is separable from the rest of the contract, the court must determine its validity separately from the validity of the contract itself. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding) ("[T]he Arbitration Addendum's validity is a separate issue from the validity of the whole contract[.]"); *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 792 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) [(op. on reh'g)] ("[A]rbitration provisions are generally separable from the contracts in which they are contained[.]").
>
> Courts determine the validity of arbitration agreements by applying state-law contract principles. *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 867 (Tex. App.—Houston [14th Dist.] 2006, [orig. proceeding]). Accordingly, the party seeking to compel arbitration must "show the [arbitration] agreement meets all requisite contract elements." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003). The elements necessary to form a valid and binding contract are (1) an offer; (2) acceptance in strict compliance with the offer's terms; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

> For an agreement to be enforceable, there must be a meeting of the minds with respect to its subject matter and essential terms. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 75 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). "Meeting of the minds" encompasses two inquiries: whether the parties reached an agreement and whether that agreement is legally enforceable. *Yazdani-Beioky v. Sharifan*, 550 S.W.3d 808, 823 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).
>
> The second inquiry is a question of law for the courts. *Id.* To be legally enforceable, an agreement must address all its essential terms with a reasonable degree of certainty and definiteness such that a court can understand and enforce the parties' obligations. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016). Material and essential terms are those that parties would reasonably regard as vitally important elements of their bargain and are determined on a case-by-case basis. *Yazdani-Beioky*, 550 S.W.3d at 823.

*Links Constr., LLC v. United Structures of Am., Inc.*, No. 14-20-00723-CV, 2022 WL 1112831, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 14, 2022, no pet.) (mem. op.) (footnote omitted).

The *Links* case, which neither party cited to this court but is analogous to the scenario before us, discussed a Fifth Circuit case involving conflicting dispute-resolution provisions:

> The Fifth Circuit recently examined a dispute similar to that presented here, in which the parties' agreement contained two conflicting dispute[-] resolution provisions. *See O'Shaughnessy v. Young Living Essential Oils, L.C.*, 810 F. App'x 308, 311–14 (5th Cir. 2020). First, the parties' agreement contained a "Jurisdiction and Choice of Law" provision stating that[] "[a]ny legal action concerning the Agreement will be brought in the state and federal courts located in Salt Lake City, Utah." *Id.* at 312. But the agreement also contained a second provision stating that, "[i]f mediation is unsuccessful, any controversy or claim arising out of or relating to the Agreement, or the breach thereof, will be settled by arbitration." *Id.*

6

Concluding that these provisions "irreconcilably conflict[ed]," the Fifth Circuit held that "there was no 'meeting of the minds' with respect to arbitration in this case." *Id.* The court affirmed the order denying the defendant's motion to compel. *Id.* at 315; *see also Ragab v. Howard*, 841 F.3d 1134, 1136–38 (10th Cir. 2016) (where the parties' agreements contained multiple arbitration provisions, the Tenth Circuit held that "the conflicting details in the arbitration provisions indicate that there was no meeting of the minds with respect to arbitration").

*Id.* at *4 (footnotes omitted).

The *Links* court applied the reasoning from *O'Shaughnessy* to its scenario—in which there was a Denton binding arbitration clause and a Houston binding arbitration clause—and concluded that "the conflict between the Denton and Houston Clauses shows that the parties did not have a meeting of the minds on the essential terms of their arbitration agreement." *Id.* Accordingly, the *Links* court held that "because the parties did not reach a meeting of the minds on the essential terms of their arbitration agreement, the trial court did not err [by] denying Links' motion to compel arbitration." *Id.* at *5.

## C.    Analysis

Here, we are faced with a situation that is similar to that in *Links* and *O'Shaughnessy*. Even if we ignore the fact that Section 10 mandates compliance with nonexistent subsections—Sections 9(A) to 9(E)—and instead focus on its subsections—Section 10(c) and 10(e)—a conflict still exists.[2] Moreover, Section 10(e)

---

[2] The Barreras argued in the trial court that the arbitration provision was vague, that there was no meeting of the minds, and that paragraphs 10(c) and 10(e) conflicted with one another.

contains no limiting language suggesting that it applies only to disputes not subject to arbitration; it states that "each party irrevocably submits to the []exclusive jurisdiction of such courts [in Rockwall County] in any such suit, action, or proceeding." *See O'Shaughnessy*, 810 F. App'x at 312.[3] The two provisions cannot be harmonized. The parties therefore did not reach a meeting of the minds on arbitration as necessary to render their arbitration provisions enforceable. *See id.* at *4–5. And just as in *Links* and *O'Shaughnessy*, because the parties did not reach a meeting of the minds on the essential terms of their arbitration agreement, the trial court did not err by denying Edison Solar's motion to compel arbitration. We overrule Edison Solar's sole issue.

---

[3]The conflicting provisions in *O'Shaughnessy* centered on an arbitration clause and a jurisdiction clause requiring disputes to be resolved in court:

> The [Policies and Procedures (P&Ps)], incorporated by reference into the Agreement, contain the following pertinent language: "If mediation is unsuccessful, *any controversy or claim arising out of or relating to the Agreement, or the breach thereof, will be settled by arbitration.*" [[E]mphasis added[.]] This language is in direct conflict with the Jurisdiction and Choice of Law clause in the Agreement that "[a]ny legal action concerning the Agreement will be brought in the state and federal courts located in Salt Lake City, Utah." Additionally, there is no limiting language in the Jurisdiction and Choice of Law paragraph, or anywhere else in the Agreement, suggesting that it only applies to disputes not subject to arbitration. . . . Consequently, our reading of these two conflicting provisions reveals that they cannot be harmonized.

810 F. App'x at 312.

8

## IV. Conclusion

Having overruled Edison Solar's sole issue, we affirm the trial court's order denying Edison Solar's motion to compel arbitration.[4]

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: May 1, 2025

---

[4]Because the Barreras did not file their own notice of appeal, we do not reach their "cross point." *See* Tex. R. App. P. 25.1(c).